UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERROLL MOSS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:05-CV-2209 (JCH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Movant Terroll Moss' pro se Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed November 15, 2005. (Doc. No. 1). The matter is briefed and ready for disposition.

## BACKGROUND

Movant was charged by indictment with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (4:04CR98 JCH ("Criminal Case"), Doc. No. 1 pg. 8). On January 6, 2005, Movant pled guilty to this charge. (Id. at Doc. No. 30-32). On May 13, 2005, Movant was sentenced to seventy-seven months imprisonment, followed by two years of supervised release. (Id. at Doc. No. 44). Movant filed a pro se appeal on May 27, 2005, but voluntarily dismissed it after consulting with his trial counsel. (Id. at Doc. No. 56).

As stated above, Movant filed his § 2255 Motion on November 15, 2005 (Doc. No. 1) and alleges the following grounds for relief:[1]

1. Movant received ineffective assistance of counsel because:

---

[1] The Court has reorganized Movant's claims for the sake of clarity.

      a.      His counsel did not investigate his prior conviction record;

      b.      His counsel did not object to the enhancements in his Presentence Investigation Report ("PSR");

      c.      His counsel allowed the Government to enhance his sentence without proving his prior convictions beyond a reasonable doubt;

      d.      His counsel failed to distinguish his case from United States v. Almendarez-Torres, 523 U.S. 224 (1997);

      e.      His counsel did not properly explain how to appeal the denial of a suppression hearing;

      f.      His counsel failed to file an appeal, despite Movant's instructions to do so;

      g.      His counsel wrote him a letter recommending that he dismiss his pro se appeal; and

      h.      His counsel had a conflict of interest..

Movant admits that he is not challenging the underlying conviction, only his sentence. (Traverse, Doc. No. 11 pg. 7).

The circumstances following Movant's guilty plea warrant discussion. His plea agreement recommended that the "base offense level is either 14, 20, or 24, depending on the nature of the defendant's criminal history, as found in Section 2K2.1(a)[2]." (Crim. Case, Doc. No. 30 pg. 4). The Government also recommended a three level reduction pursuant to § 3E1.1(a). (Id.). His PSR revealed prior convictions for Failure to Return to Confinement and Aggravated Battery.[3] (Crim. Case, Doc. No. 45 pg. 6, 8). After examining these records, counsel worried that Movant would

---

[2]All references, unless otherwise noted, are to the U.S. Sentencing Guidelines Manual (2004)("Sentencing Guidelines").

[3]His other prior convictions included Burglary, Attempted Burglary, Stealing, Possession of a Controlled Substance, Possession of Other Amount of Narcotic Drug, and Retail theft. (Crim. Case, Doc. No. 45 pg. 5-8).

qualify as an Armed Career Criminal ("ACC") under 18 U.S.C. § 924(e).[4] (Resp., Doc. No. 9 Ex. 1). The PSR recommended a sentence at the top of the range contemplated in the plea agreement because his convictions for Aggravated Battery and Failure to Return to Confinement qualified as "crimes of violence" under the Sentencing Guidelines. (Crim. Case, Doc. No. 45). Movant does not deny that he received these convictions. The PSR also stated that he was not an ACC. Counsel, still under the erroneous impression that Movant could possibly qualify as an ACC, did not object to the PSR. Additionally, he advised Movant not to file an appeal, even though he still retained his right to appeal. (Resp., Doc. No. 9 Ex. 1).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him

---

[4] An ACC is "a person who violates section 922(g) of [18 U.S.C.] and has three previous convictions by any court referred to in section 922(g)(1) of [18 U.S.C.] for a violent felony or a serious drug offense, or both ..." 18 U.S.C. § 924(e). If a person is characterized as an ACC, the minimum term of imprisonment is fifteen years. Id.

to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

## PROCEDURAL DEFAULT

In most cases, a Movant defaults claims if they could have been raised on direct appeal, but were not. Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). Although Movant did not raise his claims on direct appeal, they are not subject to procedural default because they could not have been raised on direct appeal. An ineffective assistance of trial counsel claim is "usually not cognizable on direct appeal 'because facts outside the record generally need to be developed to resolve the claim.'" United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (quoting United States v. Hawkins, 78 F.3d 348, 351 (8th Cir. 1996)). Thus, it is well-settled that an ineffective assistance of counsel claim is not cognizable on direct appeal if the issue has not been previously examined by the trial court. See e.g., Jones, 121 F.3d at 370 (citing United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir. 1980)); United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1990) ("Ordinarily we do not consider ineffective assistance of counsel arguments in direct appeals."). Because this Court did not examine Movant's ineffective assistance of counsel claims in any proceeding, the claims were not cognizable on direct appeal. Therefore, Movant's claims are not procedurally barred.

## DISCUSSION

### Ineffective Assistance of Counsel Standard

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Claim 1(a)

Movant alleges ineffective assistance of counsel because his counsel did not investigate his prior conviction record. (§ 2255 Motion, Doc. No. 1). Upon consideration, the Court finds that this claim fails to satisfy Strickland. Counsel's affidavit demonstrates that he investigated Movant's record thoroughly due to his concern that Movant qualified as an ACC. (Resp., Doc. No. 9 Ex. 1). Nothing in the record shows that counsel's performance was deficient.

Even assuming that counsel was deficient, Movant has not demonstrated prejudice. Movant expressly admits that he is not challenging the conviction. Moreover, he does not deny his prior convictions for Attempted Battery and Failure to Return to Confinement, both of which the Eighth Circuit considers "crimes of violence." United States v. Urbina-Mejia, 450 F.3d 838, 839 (8th Cir. 2006); United States v. Adam, 442 F.3d 645, 647 (8th Cir. 2006). Movant met § 2K2.1(a)(2)'s requirements[5] and was properly sentenced.. Claim 1(a) is denied.

---

[5]The Sentencing Guidelines state that the base offense level is "24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a

Claim 1(b)

Movant alleges that his counsel was ineffective because he did not object to his PSR. Upon consideration, the Court finds that Movant's claim fails to satisfy <u>Strickland</u>. Although counsel's failure to object was based on the faulty assumption that Movant may qualify as an ACC, Movant cannot demonstrate prejudice because the Court properly applied the Sentencing Guidelines. Thus, Claim 1(b) is denied.

Claim 1(c)

Movant alleges that he received ineffective assistance of counsel because his counsel did not make the Government prove his prior convictions beyond a reasonable doubt. The Court finds that counsel's actions were not deficient. The Government does not need to prove the fact of a prior conviction beyond a reasonable doubt. <u>See</u> <u>United States v. Lopez-Zepeda</u>, 466 F.3d 651, 655 (8th Cir. 2006)(collecting authority supporting this proposition). Counsel is not deficient when he declines to make legally frivolous arguments. <u>Carter v. Hopkins</u>, 92 F.3d 666, 671 (8th Cir. 1996)(holding it is objectively reasonable when counsel does not make meritless objections). Thus, Claim 1(c) is denied.

Claim 1(d)

Movant alleges that he received ineffective assistance of counsel because his counsel failed to distinguish <u>United States v. Almendarez-Torres</u>, 523 U.S. 224 (1998), which held "that the fact of a prior conviction is not an element of an offense that must be proven to a jury beyond a reasonable doubt." <u>United States v. Childs</u>, 403 F.3d 970, 972 (8th Cir. 2005). Movant asserts that <u>Almendarez-</u>

---

crime of violence or a controlled substance." Sentencing Guidelines § 2K2.1(a)(2). After the recommended level reduction, Movant's offense level was twenty-one. The PSR stated that Movant's criminal history points total was twenty-two, which placed him in Criminal History Category VI. (Crim. Case, Doc. No. 45). The suggested sentence was seventy-seven to ninety-six months. Sentencing Guidelines § 5. Movant's sentence was at the bottom of the recommended range.

Torres does not apply to him because its defendant had been deported, had unlawfully returned to the United States, and had three earlier convictions. (§ 2255 Motion, Doc. No. 1). Although the factual circumstances of Movant's case are distinguishable, the legal principle first announced in Almendarez-Torres still applies. See, e.g., United States v. Velazquez, 410 F.3d 1011, 1017 (8th Cir. 2005)(prior distribution of cocaine conviction did not have to be proved beyond a reasonable doubt); United States v. Wilson, 406 F.3d 1074, 1075-76 (8th Cir. 2005)(applying rule in situation factually different from Almendarez-Torres); United States v. Bach, 400 F.3d 622, 634 (8th Cir. 2005)(prior conviction for criminal sexual conduct with a minor did not have to be proved beyond a reasonable doubt). It is objectively reasonable for counsel not to make meritless arguments. Hopkins, 92 F.3d at 671. Claim 1(d) is denied.

Claim 1(e)

Movant alleges ineffective assistance of counsel because his counsel did not explain how to appeal the denial of a suppression hearing. Failure to explain the right to appeal properly can create a viable ineffective assistance of counsel claim. See Cobbett v. United States, 43 F.3d 395, 396 (8th Cir. 1994). Movant, however, cannot demonstrate prejudice if the record shows that he had actual knowledge of his appeal rights. Id.(citing Novak v. Purkett, 4 F.3d 625, 627-28 (8th Cir. 1993)). In Cobbett, the Eighth Circuit found that no prejudice existed because the sentencing hearing's transcript showed that defendant knew of his right to appeal. Id. Here, Movant's filing of a timely appeal[6] negates any inference that he was unaware of his appellate rights. Claim 1(e) is denied.

Claim 1(f)

---

[6]Movant's judgment became final on May 13, 2005 and he filed his appeal on May 27, 2005. There is a ten day time limit for filing a notice of appeal; however, weekends are not counted in this calculation. Fed. R. App. P. 4(b), 26(a). Thus, his appeal was filed in a timely manner.

Claim 1(f) alleges ineffective assistance of counsel because Movant's counsel failed to file a notice of appeal, despite instructions to do so. Movant has provided an unsworn affidavit attesting to this fact. (§ 2255 Motion, Doc. No. 1 Ex. 1). Movant's counsel submitted a sworn affidavit stating that Movant never directed him to file a notice of appeal. (Resp., Doc. No. 9 Ex. 1 ¶ 11).

An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling Movant to § 2255 relief. Evans v. United States, No. 1:05CV0099 ERW, 2006 WL 1300672, at * 5 (E.D. Mo. May 7, 2006). No inquiry into prejudice or likely success on appeal is necessary. Holloway v. United States, 960 F.2d 1356-57 (8th Cir. 1992). The appropriate remedy is to resentence Movant, thus affording him an opportunity to take a timely direct appeal. Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000).

For such a claim to succeed, Movant must show that he instructed counsel to file an appeal. Holloway, 960 F.2d at 1357. A bare assertion by Movant that he made the request "is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary position." Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir. 1992). Upon consideration, the Court will order an evidentiary hearing to resolve the conflicting statements made by Movant and his counsel regarding this claim.

Claim 1(g)

Claim 1(g) alleges ineffective assistance of counsel because his counsel urged him to dismiss his appeal. Upon consideration, the Court finds that Movant's claim does not satisfy Strickland. Specifically, Movant has not shown any prejudice. Movant has not shown a reasonable probability that his direct appeal would have been successful absent his counsel's advice. See Santana v. United States, 1 Fed. Appx. 605 (8th Cir. 2001). Additionally, it is objectively reasonable for counsel to advise not appealing if it could result in a harsher sentence. Claim 1(g) is denied.

Claim 1(h)

Claim 1(h) alleges ineffective assistance of counsel because counsel had a conflict of interest. Counsel was allegedly "more concerned with the government from the start" and would not object to the enhancements in the PSR. (§ 2255 Motion, Doc. No. 1). Movant's only evidence to support this allegation is that, when asked to object to the PSR enhancements, counsel told Movant "[you] would be sticking [your] cock in a buzz saw if [you] pursued [your] objections."

To prevail on this theory, Movant must "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cheek v. United States, 858 F.2d 1330, 1337 (8th Cir. 1988)(citing Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)).Upon consideration, the Court finds that Movant has not shown any actual conflict of interest. Counsel's alleged statement is nothing more than a crude assessments of the merits of Movant's objections. It is objectively reasonable not to make meritless objections. Hopkins, 92 F.3d at 671. Claim 1(h) is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1) is **DENIED** in part. Claims 1(a)-(e), (g)-(h) are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will hold an evidentiary hearing on **Friday, June 22, 2007** at 10:00 a.m. to determine the facts relating to the alleged failure to file a notice of appeal by Movant's counsel, as alleged in Claim 1(f).

**IT IS FURTHER ORDERED** that the presence and participation of Terroll Moss, Inmate # 31229-044, is required for this hearing.

**IT IS FURTHER ORDERED** that the United States Marshall Service shall transport Movant Terroll Moss, Inmate # 31299-044, to this Court to attend the June 22, 2007 hearing.

**IT IS FURTHER ORDERED** that the Federal Public Defender for this District is appointed to represent Movant in this matter. The Clerk of the Court shall provide Movant's new appointed counsel with copies of any requested documents in the court file at no cost.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any of the dismissed claims raised in Movant's § 2255 Motion.

Dated this 17th day of April, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE