UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERROLL MOSS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:05-CV-2209 (JCH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Movant Terroll Moss' ("Moss") pro se Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed November 15, 2005. (Doc. No. 1). On April 17, 2007, the Court issued an order denying all of Moss' claims except for Claim 1(f), which alleges that Moss received ineffective assistance of counsel when his attorney failed to file a notice of appeal despite being instructed to do so. (Order of Apr. 17, 2007, Doc. No. 14 pg. 8). On July 9, 2007, the Court held a hearing on this issue.

Testimony of Moss

At the evidentiary hearing, Moss testified that during his criminal case he discussed filing a notice of appeal with his attorney, Thomas Flynn ("Flynn"), on four occasions. (Moss Test. Tr. pg. 4).

The first conversation occurred during October 2004 after Magistrate Judge Audrey Flessig recommended that this Court deny Moss' Motion to Suppress. (Id. pg. 8; 4:04-CR-98, Report & Recommendation, Doc. No. 22). Flynn informed him that this Court would likely adopt Magistrate

- 1 -

Judge Flessig's recommendation to deny the motion to suppress. (Id.).[1] Moss told Flynn he wanted to pursue the denial of his motion at "the next level." (Id. pg. 5). Moss told Flynn that he wanted to plead guilty because he "had the gun" and wanted to receive a sentence reduction for acceptance of responsibility. (Id. pg. 6-7). Flynn told Moss that if he pled guilty, he would lose his appellate rights unless the Government consented to him keeping those rights.(Id. pg. 6).

The second conversation occurred on January 6, 2005, immediately before his plea hearing. Moss told Flynn he did not want to waive his appellate rights. (Id. pg. 10). Flynn told Moss that he should not pursue an appeal because he may qualify as an Armed Career Criminal ("ACC"), and that he was lucky the Government had not charged him as one. (Id. pg. 9). Moss stated that during this conversation he expressed his desire to pursue the denial of the motion to suppress and the ACC issue at "the next level." (Id. pg. 14).

The third conversation occurred when Moss saw his Presentencing Report ("PSR") and was dissatisfied with the effect that a prior conviction, for failure to return to confinement, had on his sentence. During that conversation, Flynn told Moss that he should not object to the conviction's inclusion in the PSR because it could draw attention to his possible status as an ACC. (Id. pg. 15). Moss testified that he told Flynn he wanted to appeal his case. (Id.).

The final conversation occurred on April 28, 2005, one day before his sentencing hearing. Flynn contacted Moss after learning that he sent the Court a letter expressing his concerns about the ACC issue and his dissatisfaction with Flynn. (Id. pg. 16-17). Flynn told him that he should stop pushing these issues. (Id.). Moss told Flynn that he wanted to appeal. (Id. pg. 23). The following day, Flynn had the Court continue the sentencing hearing until May 13, 2005. (Id.). Flynn then spoke with

---

[1]The Court adopted the Report and Recommendation on January 6, 2005. (4:04-CR-98 (JCH), Order, Doc. No. 28).

Moss' mother on April 29, 2005, who later spoke with Moss and urged him to follow Flynn's advice. (Id. pg. 20).

Moss testified that at his sentencing on May 13, 2005, he realized that "Mr. Flynn was not going to pursue the line of reasoning that I wanted to pursue ... It was at that point that I decided that I had to do it on my own." (Id. pg. 21). He admitted that he did not speak to Flynn about filing a notice of appeal on, or after, May 13, 2005. (Id.).

Testimony of Flynn

Flynn testified that Moss wanted to plead guilty from the beginning of the criminal case. (Flynn's Test. Tr. pg. 2). Flynn then explained that Moss' criminal history led him to believe that Moss could qualify as an ACC. (Id. pg. 4-6). Flynn believed that the Government made a mistake by not charging him as an ACC and that Moss should capitalize on this good fortune by not drawing attention to the issue. (Id.). Flynn did negotiate that Moss could retain his appellate rights so he could challenge any finding of ACC status. (Id. pg. 6).

After learning that the PSR did not classify Moss as an ACC, Flynn advised Moss not to challenge the PSR because doing so would draw attention to the ACC issue. (Id. pg. 7). Flynn admitted that if Moss expressed a desire to appeal on April 28, 2005, he did not think anything of it because the sentencing had not occurred. (Id. pg. 16). Flynn also stated that during the May 13, 2005 sentencing hearing, Moss never stated that he wanted to file a notice of appeal. (Id. pg. 10). At the time of sentencing, Flynn believed that he and Moss agreed that Moss would not appeal his sentence. (Id.). Flynn then recounted that he did not know Moss intended to appeal until he received a copy of his pro se notice of appeal, which was filed on May 25, 2005.[2]

## **DISCUSSION**

---

[2]This notice of appeal was timely filed. See Fed. R. App. P. 4(b)(1), 26.

As previously stated, Moss claims that Flynn provided him with ineffective assistance of counsel by failing to file a notice of appeal. In order to prevail on a claim of ineffective assistance of counsel, Moss must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Moss must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Moss satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. He must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice he must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling a movant to § 2255 relief. Evans v. United States, No. 1:05CV0099 ERW, 2006 WL 1300672, at * 5 (E.D. Mo. May 7, 2006). No inquiry into prejudice or likely success on appeal is necessary. Holloway v. United States, 960 F.2d 1356-57 (8th Cir. 1992). The appropriate remedy is to resentence Moss, thus affording him an opportunity to take a timely direct appeal. Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000).

For such a claim to succeed, Moss must show that he instructed Flynn to file an appeal. Holloway, 960 F.2d at 1357. A bare assertion that he made the request "is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the

contrary position." Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir. 1992). Although his right to appeal does not depend on this request, the "desire to appeal must be manifest." Barger, 204 F.3d at 1182.

After considering the testimony from the evidentiary hearing and the record generally, Moss has failed to demonstrate that Flynn knew of his desire to appeal. Specifically, the last conversation about the possibility of appeal occurred on April 28, 2005, approximately two weeks before the sentencing hearing. During that conversation, Flynn discussed the serious consequences that could follow from pursing an appeal and believed that Moss agreed with his advice not to appeal. At the sentencing, Moss did not tell Flynn that he wanted to appeal. See United States v. Robinson, 171 Fed. Appx. 536, 537-38 (8th Cir. 2006) (finding, in a similar factual scenario, that a defendant did not ask his counsel to file a notice of appeal). Thus, Movant's claim is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Moss' Petition under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1) is **DENIED** and his claims are **DISMISSED** with prejudice. A separate order of dismissal will accompany this order.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any of the dismissed claims raised in Moss' § 2255 Motion.


Dated this 25th day of July, 2007.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE